IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JONATHAN I. PIEL                                                                                                  PLAINTIFF

v.                                    Civil No. 2:21-cv-02210

SHERIFF HOBE RUNION,
Sebastian County, Arkansas;
EDDIE SMITH, Inmate Management;
and NURSE MORGAN                                                     DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss filed by Defendant, Nurse Morgan Matlock, RN, identified as "Nurse Morgan" in Plaintiff's pleadings and on the Court's docket. (ECF No. 29). Plaintiff has filed a Response in opposition to the motion. (ECF No. 35). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2011), the Honorable P. K. Holmes, Senior United States District Judge, referred the instant motion to the undersigned for the purpose of making a Report and Recommendation.

### I.    BACKGROUND

Plaintiff filed his original Complaint on December 28, 2021. (ECF No. 1). In response to this Court's Order (ECF No. 3), Plaintiff filed an Amended Complaint (ECF No. 12) on March 21, 2022, to clarify his claims. His application to proceed *in forma pauperis* was granted that same day. (ECF No. 14). Plaintiff is no longer incarcerated and currently resides in Springdale, Arkansas. His claims in this lawsuit stem from alleged civil rights violations while he was incarcerated in the Sebastian County Detention Center ("SCDC") in Fort Smith, Arkansas.

Plaintiff named the following Defendants in the Amended Complaint: Hobe Runion, Sheriff of Sebastian County; Eddie Smith, Inmate Management at the SCDC; and Nurse Morgan, a Registered Nurse employed by Turn Key Medical who provides nursing services at the SCDC.

1

(ECF No. 12, pp. 2-3). Plaintiff sues all Defendants in both their individual and official capacities and is seeking compensatory and punitive damages. *Id.* at p. 7.

Plaintiff identifies Defendants Runion, Smith, and Morgan as the Defendants involved and describes his personal capacity claim as "Conditions of Confinement." (ECF No. 12, p. 4). He states he was subjected to unconstitutional conditions of confinement at the SCDC between August 10, 2021, and November 14, 2021, and he describes his claim as follows:

> … the Sebastain County Sherriff's Department which over sees the Sebastain County Detention Center violated the Plaintiff's 8th admendment right under conditions of confinement which includes Inhumane treatment; imminent danger. When the SCDC and medical staff showed malice intent and deliberate indifference to life. By failing to provide any reasonable and affordable protections against Covid-19 and/or variants or any such medical evaluation upon booking, these protections or safeguard include but not limited to the prevention on spread of the virus such as nose swabs, temperature checks, face masks, vaccines, quarantine of inmates. This was a clear violation of Plaintiffs rights whom was in greater need of these protections due to compromised immune status. This placed the Plaintiff in direct imminent danger when the Jail placed the inmate into an overcrowded cell with direct contact with three other inmates in a two man cell. Without any of those named precautions or safeguards. The administration which included Sheriff Runion, Eddie Smith, Nurse Morgan failed to provide these safeguards and afforded protections.
>
> Other violations of the 8th admendment (sic) conditions of confinement include a period of about three weeks which no hygiene products including toilet paper was given to inmates who had no other way to provide for themselves such nessissities. No 'yard time' given to inmates in GG pod for months of October, November and Plaintiff and other inmates forced to sleep directly on floor without proper bedding which forced the Plaintiff to endure unsanitary conditions, mental anguish, undue stress and duress. These were issues and complaints addressed by Plaintiff and brought directly to Sherriff Runion, Eddie Smith, and Nurse Morgan.

*Id.* at pp. 4-6. Plaintiff describes his official capacity claim against the Defendants as, "Inhuman treatment cruel & unusual punishment unsanitary conditions deliberate indifference to life." *Id.* at p. 5.

On June 27, 2022, Defendant Morgan filed a Motion to Dismiss arguing Plaintiff failed to plead sufficient facts to state a claim upon which relief can be granted against her. (ECF No. 29).

2

In his Response to the motion, Plaintiff argues in part:

> … 1. There was a substantial risk of serious harm. 2. Defendants had a clearly established knowledge of and disregarded the substantial risk of harm…Defendants acted with deliberate indifference to a prison condition that exposes a prisoner to an unreasonable risk of serious harm …
>
> … the Covid-19 coronavirus; variants; subvariants has plainly demonstrated a very serious risk to life. Especially in the confines of imprisonment these threats are compounded further when no measures are in place to protect prisoners.
>
> The administration of the Jail which is operates under Sheriff Runion and further under Eddie Smith (Inmate Management) and Nurse Matlock failed to implement safe guards and procedures of protection related to social distancing sanitation and diagnostic testing and personal protective equipment this includes crowding inmates in the bullpen upon booking, over crowding inmates in two man cells, not providing sanitation products such as soap, hand sanitizer, or toilet paper. Not keeping vaccines on hand provided by the State, not allowing face masks to inmates while in close proximity to other inmates in overcrowded cells and by not placing plaintiff in quarantine …
>
> By exposing Inmates to know potentially life threatening harm without providing afforded and reasonable measures of protection proves malice intent and deliberate indifference to life …

(ECF No. 35).

## II.   APPLICABLE LAW

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. While the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support his claims. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

In determining whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft*, 566 U.S. 678. These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 679. A plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.*

### III. DISCUSSION

#### A. Individual Capacity Claims

Plaintiff alleges Defendant Morgan violated his constitutional rights when she failed to provide various precautionary measures to protect him against Covid-19. Plaintiff also claims the "jail" denied him yard time, cleaning, and hygiene supplies, and put he and other inmates in overcrowded cells at the SCDC which forced inmates to sleep on the floor.

**1. Denial of yard time, cleaning, and hygiene products, and placement in overcrowded cells at the SCDC**

In his Amended Complaint, Plaintiff states Defendant Morgan is an employee of Turn Key Medical, a company which contracts with the SCDC to provide medical care to the inmates incarcerated there. "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability on the part of a defendant, [the plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of [his] constitutional rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007) (citation and internal quotation marks omitted).

Plaintiff does not allege any facts from which the Court could infer that Defendant Morgan had any responsibility or involvement in decisions at the SCDC involving yard time, the placement

4

of inmates in cells, or distributing cleaning or hygiene supplies. Plaintiff fails to state a claim against Defendant Morgan arising from these allegations.

### 2. Failure to provide protection against Covid-19

"[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *County of Sacramento v. Lewis*, 523 U.S. 833, 851 (1998) (citation omitted). The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The Cruel and Unusual Punishment Clause of the Eighth Amendment forbids conditions that involve the "wanton and unnecessary infliction of pain," or are "grossly disproportionate to the severity of the crime." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

A prisoner alleging an Eighth Amendment violation must prove both an objective and subjective element. *See Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). "The defendant's conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the minimal civilized measure of life's necessities. The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner." *Revels*, 382 F.3d at 875 (citations and internal quotation marks omitted). Deliberate indifference is established when the plaintiff shows "the defendant was substantially aware of but disregarded an excessive risk to inmate health or safety." *Revels*, 382 F.3d at 875. Deliberate indifference is equivalent to criminal recklessness and requires a "reckless disregard to a known risk." *Schaub v. VonWald*, 638 F.3d 905, 014 (8th Cir. 2011). Negligence, and even gross negligence, are not enough. *Patterson v. Kelley*, 902 F.3d 845, 849 (8th Cir. 2018).

5

Other than naming Defendant Nurse Morgan as an individual involved in being deliberately indifferent to the risk of Covid-19, Plaintiff does not make any specific factual allegations against her. Moreover, he does not allege that he contracted Covid-19, or any other illness, because of the alleged failure of Defendant Morgan to provide him with protection from the virus. Consequently, Plaintiff has not alleged facts from which the Court can infer that she deliberately disregarded a substantial risk of serious harm to his health or safety.

Even if the Court were to assume that Plaintiff intended to plead that Defendant Nurse Morgan was personally responsible for failing to consistently supply nose swab tests, temperature checks, face masks and vaccines, such inactions were, at most, negligent. The law is clear: negligence is not actionable under § 1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Estelle v. Gamble*, 429 U.S. 97 (1976). *See also Abdulaziz/Askew v. Payne,* No. 4:20-cv-529-JM-BD, 2020 WL 7083487, at *2 (E.D. Ark. Nov. 18, 2020) (prisoner's allegation that he was not given a mask to prevent him from contracting Covid-19 was at most negligence), *Report and Recommendation adopted*, 2020 WL 7083227 (E.D. Ark. Dec. 3, 2020); *Tate v. Arkansas Department of Corrections*, 4:20-cv-558-BSM-BD, 2020 WL 7367864 at *9-10 (E.D. Ark. Dec. 15, 2020) (prisoner's allegation that ADC officials acted negligently in failing to prevent the spread of Covid-19 was insufficient to state a deliberate indifference claim), *Report and Recommendation adopted*, 2020 WL 7367864 (E.D. Ark. Dec. 15, 2020).

**B. Official Capacity Claims**

Official capacity claims are "functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). When a government contracts with a third-party to fulfill a constitutional duty, such as providing medical care for inmates, official-capacity claims against the third-party's employees are treated

as claims against the third-party itself. To sustain an official capacity claim against such an entity a plaintiff "must show that there was a policy, custom, or official action that inflicted an actionable injury." *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006) (involving a § 1983 claim against a prison medical provider); *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975-76 (8th Cir. 1993) ("[A] corporation acting under color of state law will only be held liable under § 1983 for its own unconstitutional policies.").

Thus, Plaintiff's official capacity claims against Defendant Morgan are "functionally equivalent" to alleging that her employer, Turn Key Medical, had "a policy, custom, or [took an] official action" that deprived him of constitutionally adequate medical care. *Veatch*, 627 F.3d at 1275; *Johnson*, 452 F.3d at 973. To establish a claim for "custom" liability, Plaintiff must demonstrate:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the official of that misconduct; and
3) That Plaintiff was injured by acts pursuant to the government entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas County Medical Dept.*, 725 F.3d 825, 828 (8th Cir. 2013). "A single deviation from a written, official policy does not prove a conflicting custom." *Id.* (quoting *Jane Doe A v. Special Sch. Dist. of St. Louis*, 901 F.2d 642, 646 (8th Cir. 1990)).

Here, Plaintiff does not describe any policy or custom of Turn Key Medical which allegedly contributed to a violation of his constitutional rights. He simply lists legal conclusory phrases to describe his official capacity claim. This is insufficient as a matter of law.

7

## IV. CONCLUSION

For the foregoing reasons, it is recommended that Defendant Nurse Morgan's Motion to Dismiss (ECF No. 29) be granted and all Plaintiff's claims against her be dismissed without prejudice.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

DATED this 14th day of September 2022.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE